UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENDRA D. CARPENTER,

                                                                                                           DECISION AND ORDER

                            Plaintiff,

                                                                                                          19-CV-1633L

                          v.

ANDREW SAUL,
Commissioner of Social Security,

                            Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On October 18, 2016, plaintiff, then twenty-seven years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since August 18, 2016. Her applications were initially denied. Plaintiff requested a hearing, which was held on June 25, 2019 via videoconference before Administrative Law Judge ("ALJ") T. Kim. (Administrative Transcript, Dkt. #6 at 12). The ALJ issued a decision on July 30, 2019, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 12-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 4, 2019. (Dkt. #6 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #7), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #9), pursuant to

Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II. The ALJ's Decision

Here, the ALJ found that the plaintiff has the following severe impairments, not meeting or equaling a listed impairment: degenerative disc disease of the lumbar spine with disc herniation and stenosis, degenerative disc disease of the cervical spine with radiculopathy, degenerative disc disease of the thoracic spine with radiculopathy, and obesity. (Dkt. #6 at 15).

After summarizing the evidence of record, including records reflecting spinal injuries incurred in an August 6, 2015 motor vehicle accident, and subsequent lumbar spinal fusion surgery on November 28, 2016, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work, with the following limitations: plaintiff must be allowed to change between sitting and standing for five minutes after every 30 minutes of sitting or standing, while remaining on task. She can frequently operate hand controls, reach, push, pull, handle, finger, and feel with both upper extremities. She can occasionally push, pull or operate foot controls with both lower extremities. She can occasionally kneel, crouch, stoop, balance, crawl, and climb stairs and

ramps. She can never climb ladders, ropes, or scaffolds, or be exposed to unprotected heights and moving mechanical parts. She can tolerate occasional exposure to vibration. Plaintiff is able to understand, carry out, and remember simple work instructions, and make simple work-related decisions. She will be off-task for 10% of the workday. (Dkt. #6 at 17-18).

When asked at the hearing whether there were jobs in the economy that a person with this RFC could perform, vocational expert James W. Primm testified that such an individual could not perform plaintiff's past relevant work as a certified nursing assistant, which was performed at the medium exertional level. However, she could perform the representative light positions of ticket taker and information clerk. (Dkt. #6 at 24-25). The ALJ thus found plaintiff "not disabled."

### III.    The Medical Opinions of Record

The ALJ's decision made very detailed findings with respect to plaintiff's RFC, with reference to plaintiff's medical records, testimony, and findings upon examination. However, upon review, I find that the record upon which his decision was based is incomplete and inadequate, and as such, the matter must be remanded for the purpose of gathering additional medical opinion evidence.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). The record in this case contained treatment and surgical records establishing a variety of ongoing spinal impairments resulting in neck and back pain and reduced range of motion, and sporadic mobility impairments for which the use of a cane was prescribed. As such, a detailed assessment and understanding of plaintiff's exertional limitations, with particular focus on her ability to sit, stand, walk, lift, carry, and perform postural activities, was necessary in order to reach a disability determination supported by substantial evidence.

The record contained multiple opinions from treating physicians, and an examining psychologist. These included: (1) an October 19, 2015 assessment completed by treating nurse practitioner David Joslyn and cosigned by treating orthopedic surgeon Dr. Cameron Huckell, opining that because plaintiff had returned to full-time work at that point, no disability status was necessary (Dkt. #6 at 347); (2) a November 10, 2016 opinion by Dr. Huckell, finding prior to plaintiff's surgery that she was temporarily totally disabled (Dkt. #6 at 912); (3) a June 11, 2018 assessment authored by nurse practitioner Krystle M. Collins and cosigned by Dr. Huckell, opining that in spite of plaintiff's November 28, 2016 spinal fusion surgery, she was permanently partially disabled (Dkt. #6 at 1009-10); (4) December 2015 and January 2016 opinions by treating orthopedist Dr. Michael Calabrese, opining that plaintiff was temporarily totally disabled (Dkt. #6 at 362-63,367-68); and (5) a December 2, 2016 opinion by consulting psychologist Dr. Christine Ransom finding that due to a mild panic disorder, plaintiff will have mild episodic difficulty with complex tasks and social interactions. (Dkt. #6 at 733-36).

The ALJ gave each of these opinions "little" or "some" weight, variously citing their intrusion into an issue reserved for the commissioner, their having been generated in the context of worker's compensation claims, their having been written prior to plaintiff's November 28, 2016 spinal surgery, and/or their alleged inconsistencies with certain examination findings (e.g., normal gait, able to stand on heels and toes). (Dkt. #6 at 22-24).

Plaintiff does not object to the ALJ's findings and analysis with respect to her nonexertional impairments, but argues that with respect to her exertional RFC, the ALJ's failure to complete the record and his rejection of all of the medical opinion evidence created a clear evidentiary gap, and resulted in an extremely detailed and complex RFC finding that was unsupported by any medical opinion or other objective assessment.

The Court concurs. Initially, the medical opinions of record discussed by the ALJ – even had he opted to credit them – did not provide any description of plaintiff's abilities or limitations using concrete functional terms (e.g., able to lift and carry 10 pounds, able to walk for one hour), and thus could not comprise substantial evidence to support any RFC finding.

When the ALJ rejected the medical opinion evidence of record, the gap in the record yawned even wider, and as a result, the ALJ's exertional and postural RFC findings were premised solely upon his layperson interpretation of "raw data" in the record, such as imaging and surgical records concerning plaintiff's spine. *See Bailey v. Commissioner*, 2020 U.S. Dist. LEXIS 128280 at *19 (W.D.N.Y. 2020) (an ALJ's use of lay judgment to formulate an RFC is reversible error, and requires remand "so that the ALJ can develop the medical record and ground the physical RFC determination in a medical opinion or opinions in the record").

In light of the gap in the record, the ALJ should have attempted to obtain additional RFC reports from treating physicians which specifically assessed plaintiff's exertional and postural limitations, and failing that, should have obtained a reliable and "conclusive determination from a medical consultant" who was able to review the record and perform an in-person evaluation. *Falcon v. Apfel*, 88 F. Supp. 2d 87, 90 (W.D.N.Y. 2000). *See generally* 20 C.F.R. §404.1519a(b)(4) (an ALJ must order a consultative examination when a "conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved"). The ALJ's failure to complete the record, or to support his RFC determination with substantial evidence, is reversible error: remand for further development of the record is therefore necessary. *See Falcon*, 88 F. Supp. 2d 87 at 90; *Bailey*, 2020 U.S. Dist. LEXIS 128280 at *19.

The Court also notes that the ALJ did not mention, and may have overlooked, a June 2019 opinion by Dr. Huckell (Dkt. #6 at 1113). This error likewise necessitates remand. While the

opinion took the form of a cursory work certification, it was notably the only opinion of record that purported to specifically assess plaintiff's exertional limitations (e.g., should not lift greater than 15 pounds, should not engage in repetitive bending, twisting, or rotation of the lumbar spine, must take a short break after sitting 30 minutes, etc.), and was entirely inconsistent with the ALJ's RFC determination. On remand, the ALJ must consider this opinion as well.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #7) is granted, and the Commissioner's cross-motion (Dkt. #9) is denied.

The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further proceedings. Upon remand, the Commissioner is instructed to request RFC reports from plaintiff's treating source(s), and/or to order consultative examinations, sufficient to permit the redetermination of plaintiff's RFC and disability status upon a full and complete record, and to provide due consideration to all of the medical opinions of record in reaching a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 17, 2020.